ELLIS, Judge.
This is a suit for damages allegedly suffered by plaintiff, Curtis J. Landry, doing business as Curtis’ Seafood Restaurant, as a result of a leaking gas pipe owned by defendant, Pierre Part Natural Gas Company, Inc. Defendant filed a peremptory exception of prescription which, after a hearing, was maintained by the trial court, and plaintiff’s suit was dismissed. From the judgment of dismissal, plaintiff has appealed.
Since no evidence was adduced at the hearing on the exception, we assume that defendant contends that plaintiff’s cause of action is prescribed on the face of his petition. See Kennard v. Yazoo and M. V. R. Co., 190 So. 188 (La.App. 1 Cir. 1939).
The petition alleges that plaintiff operated a restaurant in Belle River, Louisiana, and that a two-inch cast iron gas pipe, part of the system operated by defendant, ran directly in front of the restaurant. In September, 1973, plaintiff complained to defendant about the odor of gas in and around the restaurant. Defendant dug along its line at that point, but failed to discover a leak. The odor continued thereafter, and defendant was again notified of the odor by letter from the President of the Assumption Parish Police Jury on November 15, 1973. The petition further states:
“11.
“Over the course of several months from November 15, 1973, until April 1974 petitioner received numerous complaints from his customers as to the smell of gas in and around his building at which time petitioner’s business began to decline, due to said gas leak. In April, 1974, because of the decline of business and petitioner fearing for his own safety as well as that of his customers was forced to discontinue his business.
“12.
“On April 23, 1974, the defendant was again notified by certified mail as to gas seepage into petitioner’s building from its gas line and petitioner’s discontinuance of his restaurant business due to said gas leak.
“13.
“On April 28,1974, defendant discovered said gas leak in its gas line approximately six (6) feet past its last digging operations mentioned in Paragraph 9, infra and repaired same.
* * * * * *
“16.
“The said continuous escape of gas about and into the building occupied by plaintiff caused the suspension of plaintiff’s business on said premises; deprived plaintiff of the use of said premises and caused plaintiff the loss of the use and enjoyment of the lease held by plaintiff on said building; caused plaintiff the loss of profits and caused plaintiff to suffer considerable inconvenience, anxiety, and mental distress.
“17.
“As a result of the negligent acts of defendant, plaintiff was forced to discontinue his restaurant and bar business and seek employment before and after said leak was repaired on April 28, 1974.
“18.
“That after said leak was discovered and repaired on April 28, 1974, plaintiff was unable to immediately resume his business operations due to the interruption of his cash flow requirements necessary to operate his business and the resulting loss of his employees because of the discontinuance of his business.
“19.
“That plaintiff had intended to resume his business operations upon improvement of his financial position when defendant intentionally, maliciously, illegally and willfully cut off plaintiff’s gas supply to plaintiff’s building on or about July 25, 1974.”
*414 It is defendant’s position that, since this suit was filed on November 27, 1974, and more than one year had elapsed since plaintiff became aware of the gas leak, the cause of action was prescribed under Article 3536 of the Civil Code.
However, the allegations of the petition clearly are to the effect that the operating cause of the injury complained of is continuous, giving rise to progressive damages. The alleged offense continued until the gas main was finally repaired on April 28, 1974, which is well within a year of the date on which this suit was filed. It also appears from the petition that the damages complained of were suffered within one year prior to the date on which suit was filed.
Under such circumstances, it is clear that prescription has not run on the plaintiff’s demand. See Devoke v. Yazoo and M. V. R. Co., 211 La. 729, 30 So.2d 816 (1947).
The judgment appealed from is therefore reversed and set aside and the case remanded to the trial court for trial on its merits, in accordance with law. All costs of this appeal are to be paid by defendant. All other costs shall await final determination of the case on its merits.
REVERSED AND REMANDED.